# UNITED STATES DISTRICT COURT

__EASTERN__    District of    __NEW YORK__

UNITED STATES OF AMERICA
V.

STEVEN CHARNO

**JUDGMENT IN A CRIMINAL CASE**

Case Number: CR-03-0865-01 (ADS)

USM Number: 68634-053

Joel R. Weiss, Esq. (RET)/ Martin Coffey, AUSA
Defendant's Attorney

**THE DEFENDANT:**

X pleaded guilty to count(s)   ONE (SINGLE COUNT INFORMATION).

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1347 | HEALTH CARE FRAUD, a Class C Felony | | 1 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

January 6, 2010
Date of Imposition of Judgment

_____
Signature of Judge

HONORABLE ARTHUR D. SPATT, U.S.D.J.
Name and Title of Judge

January 15, 2010
Date

AO 245B (Rev. 06/05) Judgment in Criminal Case
Sheet 2 — Imprisonment

DEFENDANT: STEVEN CHARNO
CASE NUMBER: CR-03-0865-01 (ADS)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

SIX (6) MONTHS. THE DEFENDANT SHALL BE GIVEN CREDIT FOR TIME ALREADY SERVED, IF ANY.

X The court makes the following recommendations to the Bureau of Prisons:
THAT THE DEFENDANT SERVE HIS SENTENCE AT THE FEDERAL CAMP IN CANAAN, PA.

☐ The defendant is remanded to the custody of the United States Marshal.

X The defendant shall surrender to the United States Marshal for this district:

X at _____12:00_____ ☐ a.m. X p.m. on _3/8/09 or to the Institution designated_.
☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____.
☐ as notified by the United States Marshal.
☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: STEVEN CHARNO
CASE NUMBER: CR-03-0865-01 (ADS0

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

TWO (2) YEARS.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: STEVEN CHARNO
CASE NUMBER: CR-03-0865-01 (ADS)

## ADDITIONAL SUPERVISED RELEASE TERMS

1. RESTITUTION WAS PAID IN FULL.

2. THE DEFENDANT IS SUBJECT TO THE FINAL ORDER OF FORFEITURE DATED SEPTEMBER 18, 2004 AND IS ATTACHED TO THIS JUDGMENT AND CONVICTION ORDER.

Judgment — Page 5 of 6

DEFENDANT: STEVEN CHARNO
CASE NUMBER: CR-03-0865-01 (ADS0

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ N/A | $ PAID IN FULL |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

**TOTALS**       $  0        $  0

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

  ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: STEVEN CHARNO
CASE NUMBER: CR-03-0865-01 (ADS)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A    X    Lump sum payment of $ __100.00__ due immediately, balance due

       ☐ not later than _____ , or
       ☐ in accordance    ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

B    ☐    Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

C    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
       _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
       _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
       term of supervision; or

E    ☐    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
       imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ☐    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

     Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

COURTESY COPY
RECEIVED
LONG ISLAND CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
JUL 29 2004

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

UNITED STATES OF AMERICA

- against -    Cr. 03-0865 (Spatt, J.)

STEVEN CHARNO, M.D.,

        Defendant.
----------------------------------X

## FINAL ORDER OF FORFEITURE

WHEREAS, on May 7, 2004, this Court entered a Preliminary of Forfeiture (the "Preliminary Order") pursuant to the provisions of 18 U.S.C. § 982 and 21 U.S.C. § 853(p) and Rule 32.2 of the Federal Rules of Criminal Procedure, and pursuant to the agreement of the defendant Steven Charno, M.D. (the " Defendant") in which he agreed to forfeit to the United States of America the sum of eight hundred and twenty-one thousand five hundred and fifty dollars ($821,550.00) and no cents (the "Forfeiture Money Judgment"); and

WHEREAS, pursuant to the Preliminary Order, the government has received payment of the above-mentioned funds and is in the custody and control of the United States Marshals Service; and

WHEREAS, the Court finds that the defendant had an interest in the above-described funds and property, which are forfeited to the United States of America pursuant to 18 U.S.C. § 982 and 21 U.S.C. § 853(p); and

WHEREAS, the Preliminary Order and such forfeiture shall be made part of the sentence and included in the judgment of conviction.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that all right, title and interest to the sum of eight hundred and twenty-one thousand five hundred and fifty dollars and no cents ($821,550.00) plus all interest accrued thereon (the "Forfeiture Money Judgment") is hereby condemned, forfeited and vested in the United States of America, and shall be disposed of according to law; and

IT IS FURTHER ORDERED, ADJUDGED and DECREED that, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, this Final Order of Forfeiture shall be made part of the sentence and included in the judgment of conviction of the Defendant; and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the United States Marshal's Service and all of its duly authorized agents and/or contractors are hereby authorized and directed to dispose of the Forfeited Funds in accordance with all laws and regulations; and

IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Clerk of the Court shall forward five certified copies of this Order to the United States Attorney's Office, 610 Federal Plaza, 5th Fl., Central Islip, New York, Attn: Asset Forfeiture Paralegal Brian Gappa.

Dated: Central Islip, New York
       Sept 18, 2004

_____
HONORABLE ARTHUR D. SPATT
UNITED STATES DISTRICT JUDGE